In re Estate of Peter Meyers, deceased. Appeal of
    Mary E. Meyers and Rufus E. Meyers, Administrators
    of Dennis Meyers, deceased, and Wm. H. Koontz,
    Administrator of Cyrus Meyers, deceased.

*Heirs—Agreement as to property—Interest on recognizance for owelty.*

The heirs of a decedent, in partition proceedings, dealing with their
own property, may make any agreement with regard to the property
that they may desire, and it is competent for them to agree that interest
shall not be charged upon a recognizance for owelty.

*Default in payment—Interest.*

Interest as such is recoverable only where there is a failure to pay a
liquidated sum due at a fixed day, and the debtor is in absolute default.
It cannot therefore be recovered in actions of tort, or in actions of any
kind where the damages are not in their nature capable of exact computa-
tion, both as to time and amount. In such cases the party chargeable can-
not pay or make tender until both the time and the amount have been
ascertained, and his default is not therefore of the absolute nature which
necessarily involves interest for delay.

*Partition—Agreement among heirs—Recognizance for owelty—Interest—
Act of May 8, 1876.*

In partition proceedings five of the heirs of the decedent took land at
the appraised value, and entered into recognizances, the conditions of
which were that each recognizor "shall pay to the other heirs of said
deceased such sum or sums of money as may be due and owing by myself
upon the real estate of said deceased so taken by myself, to the other heirs
of said deceased, or any or either of them, upon the settlement of said
estate according to law." The other two heirs who were financially in-
volved declined to take lands at the appraised value for the reason that
they could better effect a settlement with their creditors while their shares
were unapportioned. It was the belief of all parties at the time that the
lands untaken were of sufficient value to make up the shares of the non-
accepting heirs, and that upon a final settlement there would be nothing
to pay upon any of the recognizances. No reference was made in the
recognizances to interest, and the recognizances themselves were not drawn
according to the usual form, and the terms of payment were not fixed by
the court. The estate was not finally settled for many years, and in the
meantime the land greatly depreciated in value. *Held*, (1) that on the face
of the writings no claim for interest on the recognizances could be sus-
tained; (2) that the act of May 8, 1876, sec. 1, P. L. 140, relating to inter-
est upon owelty defines the duty of the court when the proceedings are
adverse and in due course of law, and as the court was not called upon
to fix the terms of payment in this case, the act was inapplicable; (3) that

as the parties had the right to fix the terms of the bonds among them-
selves, out of court, and as there was no omission of interest through
fraud, accident or mistake, the court must assume that the recognizances
contained all that was stipulated for, and embodied the whole agreement
of the parties.

Argued Oct. 14, 1896.   Appeal, No. 168, Oct. T., 1896,
by Mary E. Meyers et al., from decree of O. C. Somerset
Co., dismissing exceptions to auditor's report.   Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ.   Affirmed.

Exceptions to report of W. H. Ruppel, Esq., auditor.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's
report.

*H. S. Endsley* and *W. H. Koontz*, for appellants.—Interest
should have been charged: Act of April 19, 1794, 3 Smith's
Laws, 159; Act of March 29, 1832, P. L. 201; 2 Rhone's Or-
phans' Court Practice, 340; Act of May 8, 1876, P. L. 140;
Harvey v. Beach, 38 Pa. 500; McIntyre v. Ramsey, 23 Pa. 320;
Williamson v. Fox, 38 Pa. 214; Dawson v. State, 38 Ohio, 3;
Balch v. Hooper, 32 Minn. 162; 2 Am. & Eng. Ency. of
Law, 430; Reigar v. Elmac, 14 Serg. & R. 121; Allen v. Getz,
2 P. & W. 310: 2 Trickett on Liens, 580; Riddle & Pennock's
App., 37 Pa. 177; Bailey v. Com., 41 Pa 473; Leibert's App.,
119 Pa. 517; Yundt's App., 13 Pa. 575; Ford's Est., 2 W. N.
C. 113; Thompson's Est., 8 W. N. C. 16; Patterson's App.,
128 Pa. 269; Donagy v. Gill, 130 Pa. 296.

*Valentine Hay*, with him *A. J. Colborn* and *J. R. Scott*, for
appellees.—There is no virtue in the assignments of error in
regard to the parol testimony, inasmuch as the auditor ruled it
out, and did not consider it in construing the recognizances.

It was proper to refuse to allow interest: Bavington v. Clark,
P. & W. 125; Gelbach's App., 8 Serg. & R. 205.

Interest is never demandable unless money be unlawfully
withheld: Minard v. Beans, 64 Pa. 411; Steward v. Stocker,
13 Serg. & R. 199; Beetim v. Buchanan, 4 Watts, 59; Mc-

Kennan v Sterrett, 6 Watts, 162 ; Kelsey v. Murphy, 30 Pa. 340 ; Richards v. Citizens' Nat. Gas. Co., 130 Pa. 37 ; Grim's Est., 147 Pa. 190 ; King v. Diehl, 9 Serg. & R. 409 ; Booth & Flynn v. Pittsburg, 154 Pa. 482.

OPINION BY MR. JUSTICE FELL, January 4, 1897 :

The principal question before the auditor was whether the recognizances entered into by the heirs who took real estate under proceedings in partition bore interest from their date. The facts essential to a proper understanding of the case are briefly these : Peter Meyers died in 1870 intestate, leaving to survive him a widow and seven children. Letters of administration were granted to the eldest son, and it was agreed by all parties in interest that he as administrator and attorney in fact should carry on for five years the business in which the decedent had been engaged, and that until the expiration of that period none of the real estate should be sold. In 1875 commissioners were appointed who appraised the real estate at $162,711.75. In 1877 and 1878 five of the heirs took land of the appraised value of $100,183, and the recognizances in question were entered into by them. The trustee appointed to make sale of the balance of the real estate sold parts thereof from time to time, and filed five accounts, the last in 1889. All of the proceeds of the sales made by the trustee went to the creditors or legal representatives of Dennis and Cyrus Meyers, the two sons who declined to take land, and whose administrators are appellants. In 1877 there were judgments of record against these two sons, and the auditor finds that Dennis and the representatives of the interest of Cyrus, he having died in 1873, declined to take lands at the appraised value for the reason that they could better effect a settlement with their creditors while their shares were unapportioned, and that at the time the recognizances were given it was the belief of all parties that the lands untaken were of sufficient value to make up the shares of the nonaccepting heirs, and to equalize the distribution, and that upon a final settlement there would be nothing to pay upon any of the recognizances.

The recognizances were not drawn according to the usual form, and the terms of payment were not fixed by the court. They were prepared by the attorney representing the estate, and

they seem to be part and parcel of the plan whereby it was arranged that the settlement of the personal estate and the division of the real estate among the heirs should be taken out of the usual course of legal proceedings and adjusted by the parties in interest, and which has resulted in delays extending over a period of nearly twenty-six years. They were taken at a time when a partial allotment only had been made, and a large part of the land was undisposed of. The shares were unascertained, and they could not at the time be ascertained. No calculation was filed as required by the act of April 12, 1855, and none could have been made, and the action of the court was not invoked to fix and secure the payments. The condition of each recognizance is that if the recognizor "shall pay to the other heirs of said deceased such sum or sums of money as may be due and owing by myself upon the real estate of said deceased so taken by myself to the other heirs of said deceased or any or either of them upon the settlement of said estate according to law," etc. Nothing is said about interest.

At the audit testimony was received to show that at the time of the division an agreement was entered into by the heirs that the recognizances should not bear interest, and a number of witnesses testified that such an agreement had been made. The learned auditor however, regarding most of the witnesses as incompetent, rejected their testimony and reported that the remaining testimony on the subject was insufficient " to warrant the finding of a fact one way or the other on this disputed question," and he determined the question of interest without reference to the alleged parol contract.

The legislature has prescribed no form for a recognizance given in partition in the orphans' court, and an obligation of record in any form is sufficient: Riddle & Pennock's Appeal, 37 Pa. 177. The act of 1794 required the payment of the shares of the other children of the intestate or the giving of security for the payment in some reasonable time not exceeding twelve months, as the orphans' court should limit and appoint. The act of 1832 required the giving of security by recognizance or otherwise for the payment with legal interest in some reasonable time, not exceeding twelve months, as the court might direct. The act of 1876 provides that "the court shall have power to fix for the payment of the principal of such owelty

such time or times as in the judgment of the court shall be of advantage to those entitled to the estate, provided however, that the principal and annual payment of legal interest be adequately secured."

A recognizance in the usual form would have provided for the payment of interest, but it was competent for the heirs to agree otherwise. They were dealing with their own property and could make any agreement with regard to it that they might desire. Even the order of confirmation is not as between the heirs conclusive as to the terms on which they take. In Bavington v. Clark, 2 P. & W. 115, it was held that the confirmation by the orphans' court in partition proceedings was not conclusive evidence that the title was vested absolutely in an heir, and that it might be shown that the confirmation was under an agreement between all the heirs by which a trust was established. In Mason's Appeal, 41 Pa. 74, an agreement among the heirs changing the valuation reported by the commissioners was held to be valid, and was enforced. By such agreements the equities are best adjusted, disputes are settled and litigation avoided, and as is the case with all family settlements the policy of the law has been to uphold them.

The learned auditor distinctly bases his finding upon his construction of the recognizances and the proof of such circumstances connected with their execution as he thought might be properly considered. No provision is made for interest, and interest could not be demanded as a compensation for delay, or as a penalty for withholding payment. There was no demand for payment; there was no duty to pay. The principal was not due, or even ascertained, and it was not in the power of the recognizors to pay if they had desired to do so. It was said by our Brother MITCHELL in the opinion in Richards v. Citizens' Gas Co., 130 Pa. 37: "Interest as such is recoverable only where there is a failure to pay a liquidated sum due at a fixed day, and the debtor is in absolute default. It cannot therefore be recovered in actions of tort, or in actions of any kind where the damages are not in their nature capable of exact computation both as to time and amount. In such cases the party chargeable cannot pay or make tender until both the time and the amount have been ascertained, and his default is not therefore of that absolute nature which necessarily involves interest for

delay." There is no apparent equity to warrant the charge of interest before demand to equalize the distribution. The loss has resulted from the depreciation in value of the real estate during the years that the estate has remained unsettled. The delay in the first instance was at the request, and for the benefit, of the heirs whose representatives now claim interest, and the auditor further finds that the principal reason for postponing the final settlement was to accommodate the recognizees, and enable them to settle with their creditors on a satisfactory basis.

The question is then narrowed to one of construction only. On the face of the writings no claim for interest can be sustained. It is only in considering the recognizances in connection with the act of 1876 that any doubt arises. The act provides for the payment of interest annually, but this provision relates to the duty of the court to fix the time and to secure the payment of the principal. It defines the duty of the judge where the proceedings are adverse and in due course of law. If the terms of the bonds had been fixed by the court, the charge of interest might be considered as a necessary incident to the payment of the principal, and the omission to direct it, if not accidental, as unauthorized. The court in this case was not called upon to fix the terms of payment. The settlement as to the amounts and times was made out of court. The terms were fixed by the parties in interest. It was their right to do this, and they having done it, we cannot now read into the bonds that which they would have contained had their terms been fixed by a judicial decree. There was no omission through fraud, accident or mistake. The instruments are complete in themselves, and it must now be assumed that they contain all that was stipulated for, and embody the whole agreement of the parties.

It is unnecessary to consider at length the remaining assignments of error. The testimony, the admission of which is complained of, was not considered by the auditor as tending to establish a parol agreement as to interest, or to show that the valuation of the commissioners was too high. It might have been rejected for all purposes, as in the view which we have taken of the controversy it was wholly unimportant. The question of interest was properly before the auditor. It had

not been considered or passed upon at the audits of the prior accounts. At the first audit the question of interest was not referred to; at the second it was reserved and not reported on; and at the third, two tables of distribution, one with and the other without the allowance of interest, were prepared and reported, but the report was confirmed generally, leaving the question unadjudicated.

We see no error in the finding that the report of Mr. Pugh, which had been confirmed by the court, was conclusive of the controversy which had been considered and decided by him in relation to the destroyed notes.

The assignments of error are overruled, and the decree of the orphans' court of August 14, 1896, confirming the report of the auditor is affirmed at the cost of the appellants.